ST. ANTHONY REGIONAL HOSPITAL, et al., Plaintiffs,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. C 84–37.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Oct. 12, 1984.

**24**

### ORDER

McMANUS, Chief Judge.

This matter is before the court on cross-motions for summary judgment, filed June 6 and July 2, 1984. Plaintiffs, Iowa hospitals providing services to medicare patients, are challenging a regulation issued by defendant. The regulation set forth in 42 CFR § 404.452(b)(1)(ii) (1982) (hereinafter "Malpractice Rule"), restructures the manner in which reimbursement for the cost of malpractice insurance premiums is made to plaintiffs and other health care providers under the medicare program. Plaintiffs contend that the Malpractice Rule is invalid because it is contrary to the Medicare Act, 42 USC § 1395 et seq.; it was issued in violation of the Administrative Procedure Act, 5 USC § 553; and it violates plaintiffs' constitutional rights to just compensation and due process under the Fifth Amendment to the United States Constitution.

These issues have been previously raised in fifteen district courts. Eleven district courts have held the Malpractice Rule invalid. *See e.g. Menorah Medical Center v. Heckler*, No. 83–0822–CV–W–4, slip op. (W.D.Mo. July 26, 1984); *Bedford County Memorial Hospital v. Heckler*, 583 F.Supp. 367 (W.D.Va.1984); *St. James Hospital v. Heckler*, 579 F.Supp. 757 (N.D.Ill.1983). Four courts have upheld the Malpractice Rule. *See e.g. Boswell Memorial Hospital v. Heckler*, 573 F.Supp. 884 (D.D.C.1983); *Athens Community Hospital v. Heckler*, 565 F.Supp. 695 (E.D.Tenn.1983). After a review of the briefs [1] and arguments by the parties in this action, and a review of the decisions rendered by the various courts who have confronted these questions, it is the court's opinion that defendant failed to comply with the Administrative Procedure Act in promulgating the Malpractice Rule,

---

1. The court notes that plaintiffs' and defendant's briefs are inexcusably long. *See* Local Rule 2.2.9.

and that the Malpractice Rule violates the Medicare Act by denying the plaintiffs reimbursement for the reasonable costs of services rendered to medicare patients. The court's decision is based upon the same analysis set forth in *Bedford County*, 583 F.Supp. 367 and *St. James*, 579 F.Supp. 757. These existing decisions are well-reasoned and therefore a detailed analysis by this court would be surplusage. Since the court has determined that the regulation is invalid on statutory grounds, it need not address plaintiff's claim that it also violates the Fifth Amendment.

It is therefore

ORDERED

1. Plaintiffs' motion granted, defendant's motion denied.

2. Remanded to the Secretary for further action consistent with this order.